UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Z.M., | Case No.  1:24-cv-01273-JLT-CDB |
| Plaintiff, | AMENDED SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| v. | *Pleading Amendments*:  February 18, 2025 |
| KERN HIGH SCHOOL DISTRICT, | *Administrative Record*:  February 6, 2025 |
| Defendant. | *Objections Thereto*:  February 18, 2025 |
| | *Opening Brief*:  March 24, 2025 |
| | *Opposition Brief*:  May 8, 2025 |
| | *Reply Brief*:  June 6, 2025 |
| | *Hearing*:  July 22, 2025 |
| | 2500 Tulare St, Fresno, CA |
| | (Doc. 27) |

The Court enters this amended scheduling order on the motion of Defendant Kern High School District (Doc. 27) to modify certain language included in the original scheduling order (Doc. 23).

Plaintiff Z.M., a minor acting through *guardian ad litem* A.M., initiated this action with the filing of a complaint on October 18, 2024 (Doc. 1), asserting claims against Defendant Kern High School District under the Individuals with Disabilities Education Act ("IDEA," 20 U.S.C. § 1400 *et seq.*).  Plaintiff seeks judicial review of a due process hearing decision issued by the California Office

1

of Administrative Hearings ("OAH"). The decision upheld a determination of Defendant in regard to whether an underlying incident was caused by Plaintiff's disabilities. (Doc. 21 at 2-3).

The parties convened via Zoom videoconference for a scheduling conference before Magistrate Judge Christopher D. Baker on January 16, 2024 at 9:00 a.m. Gabriela Margarita Torres and Goriune Dudukgian appeared on behalf of Plaintiff. Monica D. Batanero, Sloan Robert Simmons, and Anna M. Wood appeared on behalf of Defendant. The parties anticipate that this matter will be resolved by way of dispositive briefing based upon the OAH administrative record (*id.* at 7), pursuant to 20 U.S.C. § 1415(i)(2)(A), and will not require any discovery (*id.* at 6).

### I. Magistrate Judge Consent

Currently, there is no joint consent to Magistrate Judge jurisdiction.

**NOTICE OF CONGESTED DOCKET AND COURT POLICY OF TRAILING**

Due to the District Judges' heavy caseload, the adopted policy of the Fresno Division of the Eastern District is to trail all civil cases. The parties are hereby notified that for a trial date set before a District Judge, the parties will trail indefinitely behind any higher priority criminal or older civil case set on the same date until a courtroom becomes available. The trial date will not be reset.

The Magistrate Judges' availability is far more realistic and accommodating to parties than that of the District Judges who carry the heaviest caseloads in the nation and who must prioritize criminal and older civil cases over more recently filed civil cases. A Magistrate Judge may conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit.

Therefore, the parties are directed to consider consenting to Magistrate Judge jurisdiction to conduct all further proceedings, including trial, and to file a consent/decline form (provided by the Court at the inception of this case) indicating whether they will consent to the jurisdiction of the Magistrate Judge.

### II. Pleading Amendment

Any motions to amend the pleadings, including to add or substitute parties (including Doe defendants) and/or allegations and claims, must be filed by **February 18, 2025**.

Filing a motion and/or stipulation requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.     Administrative Record and Briefing Schedule

The administrative record shall be filed no later than **February 6, 2025**. To the extent one or more of the parties will seek to file any portion of the administrative record under seal, that party shall file and lodge an application for sealing consistent with Local Rule 141 sufficiently in advance of the deadline to file the administrative record. Any objections to the administrative record must be filed no later than **February 18, 2025**.

Plaintiff shall file his opening brief no later than **March 24, 2025**. Defendant shall file its opposition brief by **May 8, 2025**. Plaintiff shall file any optional reply brief by **June 6, 2025**.

No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least three days before the first deadline the parties wish to extend. In scheduling such motions, absent consent to Magistrate Judge jurisdiction, counsel SHALL consult the assigned District Judge's general information and calendar accordingly and SHALL comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

### IV.     Dispositive Briefing

In any such briefing, including briefing addressing the IDEA appeal, all references to the record and all assertion of fact must be accompanied by citations to the record. The opening and opposition briefs shall contain the following:

(a) A summary of all relevant evidence;

(b) A summary of the relevant testimony at the administrative hearing;

(c) A recitation of the Defendant's findings and conclusions relevant to the Plaintiff's claims;

(d) A short, separate statement of each of the Plaintiff's legal claims stated in terms of the

3

insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

  (e) Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of this particular case.

Briefs that do not substantially comply with these requirements will be stricken.

## V. Hearing Date

The parties agree the action is not triable by jury and will be decided on dispositive briefing based upon the OAH administrative record. (Doc. 21 at 7). In lieu of a trial, the parties shall submit oral arguments in support of their briefs at a hearing currently set for **July 22**, **2025**, at 8:30 a.m. The hearing shall take place at the United States District Courthouse, 2500 Tulare Street, in Fresno, California, before District Judge Jennifer L. Thurston.

## VI. Settlement Conference

During the scheduling conference, the parties requested to attend a settlement conference before Magistrate Judge Christopher D. Baker by February 28, 2025. Thereafter, the parties filed a joint status report stating that, after engaging in informal settlement discussions, the parties jointly request the Court not set a settlement conference for this matter. (Doc. 28). Thus, no settlement conference will be set at this time.

In the event of any future settlement conference, the attorneys who will litigate the case shall appear at any settlement conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[1] at the conference.

 Consideration of settlement is a serious matter that requires preparation prior to the settlement conference. Set forth below are the procedures the Court will employ, absent good cause, in

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible, the representative shall have authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

4

conducting the conference.

At least **twenty-one (21) days before** the settlement conference, Plaintiff SHALL submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[2] settlement demand which includes a brief explanation of why such a settlement is appropriate. Thereafter, no later than fourteen days before the settlement conference, Defendant SHALL respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

If settlement is not achieved, each party SHALL attach copies of their settlement offers to their Confidential Settlement Conference Statement, as described below. Copies of these documents shall not be filed on the court docket.

**CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT**

At least **five (5) court days before** the settlement conference, the parties shall submit, directly to Judge Baker's chambers by e-mail to CDBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further litigation.

---

[2] "Meaningful" means the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party. If, however, the offering party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

5

E.  The relief sought.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**VII.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

During the scheduling conference, the parties reiterated their request that the action be bifurcated between the first and second causes of action because adjudication of the first cause of action would directly impact the attorney's fees at issue in the second cause of action. (Doc. 21 at 8).

**VIII.  Related Matters Pending**

There are no pending related matters.

**IX.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court requires compliance with these Rules to efficiently handle its increasing case load.

*Remainder of This Page Intentionally Left Blank*

### X. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

**Failure to comply with this order may result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated:   **January 28, 2025**                                 _____
                                                              UNITED STATES MAGISTRATE JUDGE